UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER FARAONE

                *Plaintiff,*

-against-

The CITY OF NEW YORK,
The POLICE DEPARTMENT OF THE CITY OF NEW YORK, and
Police Officers JOHN DOE and JANE DOE "1" through "10",
said names being fictitious, it being the intention to name all individuals
involved in the claims herein

                *Defendants.*

COMPLAINT
Civil Action No.:

**13 CV 9074**

Judge Griesa

## THE PLAINTIFF DEMANDS TRIAL BY JURY

The plaintiff CHRISTOPHER FARAONE, by and through his attorneys, Maynard, O'Connor, Smith & Catalinotto, LLP, as and for a Complaint, respectfully alleges that:

### INTRODUCTION

1. This civil action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 with pendant New York State law claims, seeking compensatory and punitive damages, and attorneys' fees, based upon personal and Constitutional injuries suffered by the plaintiff CHRISTOPHER FARAONE (hereinafter as "Faraone" and "Plaintiff").

2. On September 17, 2012, at approximately 1:40 p.m., on the sidewalk near the intersection of William Street and Cedar Street, New York, New York, while lawfully gathering information, photographing, observing and investigating a public demonstration at One Chase Manhattan Plaza within his capacity as a professional journalist, Mr. Faraone was violently forced to the ground, unlawfully arrested, detained and charged by the defendants the CITY OF NEW YORK, the POLICE DEPARTMENT OF THE CITY OF NEW YORK, and Police

{M0667911.1}1

Officers JOHN DOE and JANE DOE "1" through "10" (hereinafter collectively as "Defendants"), resulting in personal and Constitutional injuries.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367.

4. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) (1) and (2).

5. Additionally, the Plaintiff asserts the common law causes of action of battery and false imprisonment together with any other causes of action that might be cognizable based upon the facts alleged herein under the doctrine of pendent jurisdiction. Under this theory, a Federal Court may exercise pendent jurisdiction over a non-federal claim where a federal claim confers subject matter jurisdiction on the court, and the relationship between the federal and non-federal claims arise from a common nucleus of operative fact such that the entire action is but one "case" (*United Mine Workers v Gibbs*, 383 US 715 [1996]).

## THE PARTIES

6. At all times relevant herein, the plaintiff CHRISTOPHER FARAONE resides at 56 Tirrell Street, North Quincy, Massachusetts, and was and is a professional journalist.

7. The defendant the CITY OF NEW YORK, is a municipal corporation located in the State of New York and was the employer of the various members of the City of New York Police Department designated as Defendants herein.

8. The defendant POLICE DEPARTMENT OF THE CITY OF NEW YORK is a law enforcement agency for the City of New York.

9. The defendants Police Officers JOHN DOE and JANE DOE "1" through "10" are fictitious names, intended to represent those officers employed by the POLICE DEPARTMENT OF THE CITY OF NEW YORK involved in the claims herein.

10. The Plaintiff sues each defendant in its, his, her or their individual and official capacity.

## STATEMENT OF FACTS

11. On September 17, 2012, at approximately 1:40 p.m., on the sidewalk near the intersection of William Street and Cedar Street, New York, New York, Mr. Faraone was gathering information, photographing, observing and investigating a public demonstration commemorating the one-year anniversary of Occupy Wall Street, taking place at One Chase Manhattan Plaza. Mr. Faraone's presence and conduct at that demonstration was as a professional journalist.

12. Mr. Faraone was photographing the public demonstration and writing notes in preparation of an article that he anticipated writing and publishing concerning the aforesaid public demonstration.

13. Mr. Faraone was lawfully on the sidewalk.

14. Mr. Faraone was engaged in no illegal conduct.

15. Mr. Faraone complied with the directives given by the Defendants.

16. Mr. Faraone did not attempt to flee from the Defendants.

17. Mr. Faraone did not physically resist the Defendants.

18. Mr. Faraone was not engaging in any activity that would warrant a Police Officer or Police Officers stopping him, using any amount of physical force on him, arresting him, or detaining him.

19.   The defendant Police Officer John Doe "1" identified Mr. Faraone by pointing at him, and directed multiple other Defendants to stop, tackle, batter, search, arrest, detain and imprison him.

20.   The aforesaid stop, tackle, battery, search, arrest, detention and imprisonment were committed at defendant Police Officer John Doe "1"'s direction and/or with his knowledge and consent.

21.   Mr. Faraone was violently forced to the ground by five or more of the Defendant Police Officers.

22.   Based upon the circumstances as they existed at that time, there was no objectively reasonable justification for Mr. Faraone being violently forced to the ground by the Defendants.

23.   Based upon the circumstances as they existed at that time, there was no objectively reasonable justification for Mr. Faraone being violently forced to the ground by five or more of the Defendants.

24.   Thereafter, the defendant Officer John Doe "2" violently forced Mr. Faraone's right arm behind his back.

25.   Based upon the circumstances as they existed at the time, there was no objectively reasonable justification for the defendant Officer John Doe "2" to violently force Mr. Faraone's right arm behind his back.

26.   Mr. Faraone was arrested by the Defendants.

27.   There was no probable cause for the arrest of Mr. Faraone by the Defendants.

28.   There was no warrant for the arrest of Mr. Faraone by the Defendants.

29.   Mr. Faraone was searched by the Defendants.

30. There was no probable cause authorizing the search of Mr. Faraone by the Defendants.

31. There was no search warrant authorizing the search of Mr. Faraone by the Defendants.

32. Mr. Faraone was detained by the Defendants.

33. Mr. Faraone was aware of his detention.

34. Mr. Faraone did not consent to his detention.

35. The Defendants' detention of Mr. Faraone was not privileged.

36. There was no probable cause for the detention of Mr. Faraone by the Defendants.

37. There was no warrant for the detention of Mr. Faraone by the Defendants.

38. There was no justification for the detention of Mr. Faraone by the Defendants.

39. Mr. Faraone was charged with "disorderly conduct" by the Defendants.

40. There was neither probable cause nor any reasonable basis to charge Mr. Faraone with "disorderly conduct."

41. Mr. Faraone was caused to hire a criminal defense attorney at his own expense in order to defend the "disorderly conduct" charge.

42. Ultimately, the charge of "disorderly conduct" was dismissed for failure to prosecute.

43. During his arrest and detention, Mr. Faraone repeatedly identified himself as a journalist and offered his professional credentials and identification.

44. In response to Mr. Faraone identifying himself as a journalist, the Defendants answered with explicit and derogatory comments and ridicule.

45. During his arrest and detention, Mr. Faraone repeatedly requested to call his attorney.

46. The Defendants denied Mr. Faraone's repeated requests to call his attorney.

47. During his detention and upon his release, Mr. Faraone was directed and/or threatened by the Defendants to cease his journalism/reporting activities in the City of New York.

48. As a journalist, Mr. Faraone has the Right pursuant to the 1st Amendment to the United States Constitution, Freedom of the Press, to have access to public places and events, the same as members of the general public, in order to report on matters of public interest and concern.

49. At all times relevant herein, Mr. Faraone was lawfully engaged in the profession of journalism.

50. At all times relevant herein, Mr. Faraone was lawfully in a public space.

51. At all times relevant herein, Mr. Faraone was targeted, attacked and detained by the Defendants in order to suppress his lawful activities as a professional journalist.

52. The Defendants knowingly, intentionally, willfully, callously, recklessly, maliciously, and/or negligently prevented Mr. Faraone from access to places and event in order to suppress his ability to report as a journalist, thereby violating his Right to Freedom of the Press pursuant to the 1st Amendment to the United States Constitution.

53. At all times herein mentioned the Defendants were deliberately indifferent to Mr. Faraone's Constitutional rights.

54. The Defendants failed to adequately train its Police Officers in order to prevent the knowing, intentional, willful, callous, reckless, malicious, and/or negligent violation(s) of the Constitutional Rights of others including Mr. Faraone.

55. The Defendants, through written and/or adopted policy, custom or practice, whether through action or inaction, permitted its Police Officers to violate the Constitutional Rights of Mr. Faraone.

56. The Defendants had notice that its officer employees are insufficiently trained with respect to the laws of proper legal procedure, false arrest/imprisonment, the use of excessive force, illegal search, malicious prosecution, and access to public events by professional journalists.

57. Despite having notice that its officer employees are insufficiently trained with respect to the laws of proper legal procedure, false arrest/imprisonment, use of excessive force, illegal search, malicious prosecution, and access to public events by professional journalists, the Defendants failed to properly take corrective action.

58. The aforesaid failure to take corrective action constitutes adoption of a policy or custom.

59. The aforesaid failure to take corrective action caused the Defendants to violate Mr. Faraone's civil rights that resulted in Constitutional injuries.

60. At all times herein mentioned, the Defendants acted under the color of State law.

## CONSTITUTIONAL & CIVIL RIGHTS CLAIMS

## PURSUANT TO 42 U.S.C. §§ 1983 and 1988

### AS AND FOR A FIRST CAUSE OF ACTION FOR

### EXCESSIVE FORCE

#### (Against all Defendants)

61. The Plaintiff repeats and re-alleges each and every claim as set forth in paragraphs "1" through "60" with the same force and effect as if the same were set forth at length herein.

62. The Defendants' misconduct alleged above violated Mr. Faraone's right to be free from unreasonable and excessive use of force as guaranteed by the 4th and 14th Amendments of the United States Constitution.

63. The Defendants' misconduct directly and proximately caused Mr. Faraone to suffer injury including bodily injury, pain and suffering, shock, extreme emotional distress, humiliation, injury to reputation, financial injury, professional injury, and Constitutional injury.

### AS AND FOR A SECOND CAUSE OF ACTION FOR

### ILLEGAL SEARCH

#### (Against all Defendants)

64. The Plaintiff repeats and re-alleges each and every claim as set forth in paragraphs "1" through "63" with the same force and effect as if the same were set forth at length herein.

65. The Defendants' misconduct alleged above violated Mr. Faraone's right to be free from unlawful search as guaranteed by the 4th and 14th Amendments of the United States Constitution.

66. The Defendants' misconduct directly and proximately caused Mr. Faraone to suffer injury including bodily injury, pain and suffering, shock, extreme emotional distress, humiliation, injury to reputation, financial injury, professional injury, and Constitutional injury.

## AS AND FOR A THIRD CAUSE OF ACTION FOR
## FALSE ARREST & UNLAWFUL DETENTION
### (Against all Defendants)

67. The Plaintiff repeats and re-alleges each and every claim as set forth in paragraphs "1" through "66" with the same force and effect as if the same were set forth at length herein.

68. The Defendants' misconduct as alleged above violated Mr. Faraone's right to be free from unreasonable seizure as guaranteed by the 4th and 14th Amendments of the United States Constitution.

69. The Defendants' misconduct directly and proximately caused Mr. Faraone to suffer injury including bodily injury, pain and suffering, shock, extreme emotional distress, humiliation, injury to reputation, financial injury, professional injury, and Constitutional injury.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR
## MALICIOUS PROSECUTION
### (Against all Defendants)

70. The Plaintiff repeats and re-alleges each and every claim as set forth in paragraphs "1" through "69" with the same force and effect as if the same were set forth at length herein.

71. The Defendants' misconduct as alleged above violated Mr. Faraone's right to be free from malicious prosecution as guaranteed by the 4th and 14th Amendments of the United States Constitution.

72. The Defendants' misconduct directly and proximately caused Mr. Faraone to suffer injury including bodily injury, pain and suffering, shock, extreme emotional distress, humiliation, injury to reputation, financial injury, professional injury, and Constitutional injury.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR
## DEPRIVATION OF DUE PROCESS & RIGHT TO COUNSEL
### (Against all Defendants)

73. The Plaintiff repeats and re-alleges each and every claim as set forth in paragraphs "1" through "72" with the same force and effect as if the same were set forth at length herein.

74. The Defendants' misconduct as alleged above violated Mr. Faraone's right to Due Process and counsel as guaranteed by the 4th and 14th Amendments of the United States Constitution.

75. The Defendants' misconduct directly and proximately caused Mr. Faraone to suffer injury including bodily injury, pain and suffering, shock, extreme emotional distress, humiliation, injury to reputation, financial injury, professional injury, and Constitutional injury.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR

## VIOLATION OF THE 1ST AMENDMENT – FREEDOM OF THE PRESS

### (Against all Defendants)

76. The Plaintiff repeats and re-alleges each and every claim as set forth in paragraphs "1" through "75" with the same force and effect as if the same were set forth at length herein.

77. The Defendants' misconduct alleged above violated Mr. Faraone's right to gather information as a professional journalist, as guaranteed by the 1st, 4th and 14th Amendments of the United States Constitution.

78. The Defendants' misconduct directly and proximately caused Mr. Faraone to suffer injury including bodily injury, pain and suffering, shock, extreme emotional distress, humiliation, injury to reputation, financial injury, professional injury, and Constitutional injury.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR

## ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 1988

### (Against all Defendants)

79. The Plaintiff repeats and re-alleges each and every claim as set forth in paragraphs "1" through "78" with the same force and effect as if the same were set forth at length herein.

80. By virtue of the foregoing, the Plaintiff is entitled to an award of reasonable attorney's fees and his costs on his behalf pursuant to 42 U.S.C. § 1988.

## PENDANT STATE LAW CLAIMS

### AS AND FOR AN EIGHTH CAUSE OF ACTION FOR

### BATTERY

### (Against all Defendants)

81. The Plaintiff repeats and re-alleges each and every claim as set forth in paragraphs "1" through "80" with the same force and effect as if the same were set forth at length herein.

82. The Defendants unlawfully made contact with Mr. Faraone.

83. The Defendants, both harmfully and offensively, made contact with Mr. Faraone.

84. The Defendants intended to make the harmful and offensive contact with Mr. Faraone.

85. The unlawful, harmful and offensive contact with Mr. Faraone by the Defendants was not consented to by him.

86. As a result of the unlawful, harmful and offensive contact with Mr. Faraone by the Defendants, he was caused to suffer and continues to suffer personal injuries.

### AS AND FOR AN NINTH CAUSE OF ACTION FOR

### NEGLIGENCE

### (Against all Defendants)

87. The Plaintiff repeats and re-alleges each and every claim as set forth in paragraphs "1" through "86" with the same force and effect as if the same were set forth at length herein.

88. By virtue of their acts and/or omissions as alleged above, the Defendants were negligent.

89. The Defendants' negligence directly and proximately caused Mr. Faraone to suffer injury including bodily injury, pain and suffering, shock, extreme emotional distress, humiliation, injury to reputation, financial injury, professional injury, and Constitutional injury.

## AS AND FOR A TENTH CAUSE OF ACTION FOR

## UNLAWFUL IMPRISONMENT

### (Against all Defendants)

90. The Plaintiff repeats and re-alleges each and every claim as set forth in paragraphs "1" through "89" with the same force and effect as if the same were set forth at length herein.

91. By virtue of their acts and/or omissions as alleged above, the Defendants unlawfully imprisoned Mr. Faraone.

92. The Defendants' unlawful imprisonment of Mr. Faraone directly and proximately caused him to suffer injury including bodily injury, pain and suffering, shock, extreme emotional distress, humiliation, injury to reputation, financial injury, professional injury, and Constitutional injury.

**WHEREFORE,** the plaintiff CHRISTOPHER FARAONE respectfully requests an Order and Judgment awarding compensatory damages against each defendant, jointly and severally, in the amount proven at trial; compensatory special damages including, but not limited to, medical expenses and lost income; punitive and exemplary damages against each individual defendant as allowed by 42 U.S.C. § 1983 in an amount sufficient to punish each individual defendant and deter others from engaging in similar misconduct; costs of suit; reasonable attorney fees pursuant to 42 U.S.C. § 1988, and as otherwise authorized by statute or law; pre-

and post-judgment interest as permitted by law; and, such other and further relief as to this Court may seem just and proper.

Dated: December 18, 2013  
      Saugerties New York

MAYNARD, O'CONNOR SMITH  
& CATALINOTTO, LLP

_____  
Michael E. Catalinotto, Jr., Esq. , Roll #: MC2315  
Attorneys for the Plaintiff  
CHRISTOPHER FARAONE  
P.O. Box # 180  
Saugerties, New York 12477  
(845) 246-3668